UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID Q. WEBB,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>CARSON CITY GOVERNMENT, et al.,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:23-cv-00377-ART-CSD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

*Pro se* Plaintiff David. Q Webb filed this action against Carson City government and deputy district attorneys for an arrest that occurred in 1997. (ECF No. 1.) Magistrate Judge Denney issued a report and recommendation recommending that the Court grant Plaintiff's IFP application, file the complaint, and dismiss the action with prejudice as barred by the statute of limitations. (ECF No. 3.) Plaintiff filed an objection. (ECF No. 4.) The Court overrules Plaintiff's objection and adopts Judge Denney's report and recommendation in full.

I.   **STANDARD OF REVIEW**

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

II.   **FACTS**

The Court adopts the factual allegations made in Plaintiff's complaint as recited in the report and recommendation and includes them here for completeness. (ECF No. 4 at 3-5.)

1

Plaintiff sues Carson City government and deputy district attorneys (at the time of the alleged events giving rise to Plaintiff's claims) Anne M. Langer, Raymond E. Oster, and Melanie F. Bruketta. He alleges that Langer, Oster, and Bruketta were deputy district attorneys involved in prosecuting him for obstructing a police officer in 1997.

In Count I, Plaintiff sues the Carson City government for violation of 42 U.S.C. § 2000d, Title VI of the Civil Rights Act of 1964. He claims that the Carson City government had a custom, policy or practice of falsely imprisoning and maliciously prosecuting persons without probable cause and that he was intentionally discriminated against because he is an African American.

In Count II, Plaintiff alleges that the Carson City government, Oster, Langer, and Bruketta violated his rights under 42 U.S.C. § 1983. In Counts III and IV, Plaintiff alleges that Oster, Langer and Bruketta violated his rights under the Fourth and Fourteenth Amendments. In Count V, Plaintiff asserts that Langer, Oster, and Bruketta violated his rights under 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) by conspiring to deprive him of equal protection of the laws. In Count VI, Plaintiff alleges that Langer, Oster, and Bruketta violated his rights under 42 U.S.C. § 1986 (action for neglect to prevent). In Count VII, Plaintiff contends that Carson City Government is vicariously liable for the conduct of Oster, Langer and Bruketta pursuant to NRS 41.475.

Plaintiff's claims stem from allegations that on June 27, 1997, Plaintiff was erroneously arrested for various traffic offenses and obstructing a police officer after he was initially thought to be the suspect involved in a car and foot chase involving Deputy Sloan. After his arrest, Plaintiff asserts that Deputy Sloan informed Bruketta that he no longer thought Plaintiff was involved in the car or foot chase. Nevertheless, Plaintiff was not released from jail until July 16, and the charges were not dropped. On August 15, 1997, Plaintiff met with Oster, who told Plaintiff if he pleaded guilty to the obstruction charge, Oster would drop the

1  traffic charges, but Plaintiff refused. A week later the traffic charges were
2  dropped, but the District Attorney's Office proceeded with the obstruction charge.
3  Then, Langer took over prosecution of the obstruction charge. Plaintiff claims that
4  on September 3, 1997, Langer offered to drop the obstruction charge if Plaintiff
5  signed a waiver of civil liability. Plaintiff refused. In October 1997, Plaintiff went
6  to trial on the obstruction charge, and he was acquitted. Plaintiff filed this
7  complaint on July 31, 2023. Plaintiff includes with his complaint a copy of a
8  decision from the Ninth Circuit, *Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003).

According to the Ninth Circuit decision, shortly after Plaintiff was acquitted, he filed a complaint including claims for violation of the First Amendment right to seek redress of grievances; violation of the Fourth Amendment's prohibition against unlawful seizure, due to his arrest, imprisonment, and subsequent prosecution; a general violation of his civil rights caused by the initiation and pursuit of prosecution without probable cause; a conspiracy to commit those federal civil rights violations; false arrest, abuse of process and malicious prosecution under state law; intentional infliction of emotional distress; and due process claims. *Webb v. Sloan*, 330 F.3d 1158, 1163 (9th Cir. 2003). At trial, the jury found in favor of Sloan on all counts, but in favor of Plaintiff against Carson City. *Id.* The jury found Carson City had a custom, policy or practice that violated the right not to be prosecuted without probable cause, and a custom, police, or practice to falsely imprison individuals. *Id.* They found that Sloan did not falsely arrest Plaintiff, but that Carson City falsely imprisoned, maliciously prosecuted, and committed abuse of process against Plaintiff under state law. *Id.*

**III.    DISCUSSION**

**A. IFP Application**

The report and recommendation first recommends that Plaintiff's IFP application be granted because a review of his application reveals that Plaintiff

3

cannot pay the filing fee. (ECF No. 3 at 1-2.) Plaintiff has not objected to this portion of the report and recommendation. The Court therefore grants Plaintiff's IFP application.

**B. Statute of Limitations**

The report and recommendation finds that Plaintiff's claims are barred by the statute of limitations because Plaintiff's claims accrued, at the latest, in October 1997, when he was acquitted of the obstruction charge. (ECF No. 3 at 6.) The report and recommendation explains that the statute of limitations for claims brought under Section 1983, Section 1985, and Title VI of the Civil Rights Act of 1964 in Nevada is two years. *See Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012); Nev. Rev. Stat. 11.190(4)(e); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991), *overruled on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005) (section 1985); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (Title VI).

Plaintiff objects to the report and recommendation's finding that his claim accrued in 1997, arguing that statute of limitations instead began when attorney's fees were resolved in April 2009. (ECF No. 4 at 3.) "A statute of limitations begins to run on the date on which the plaintiff's claim 'accrues.'" *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "A federal claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* at 574. Plaintiff had reason to know of the injury that is the basis for this action in 1997, when he was acquitted of the obstruction charge. Even if it were true that Plaintiff's claims accrued in 2009, Plaintiff's claims would still be barred by the two-year statute of limitations.

**C. Plaintiff's Claim for "Fraud-Upon-The-Court"**

Plaintiff also objects to Judge Denney's failure to address his claims for "fraud-upon-the-court." (ECF No. 4 at 1-3.) Because Judge Denney properly concluded that this claim was untimely, he was justifying in not addressing it.

4

Plaintiff argues that this case "would be litigated in accordance with *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)." That case, which involved fraud on the Patent Office, addressed the power of a Circuit Court of Appeals to vacate its judgement upon proof that fraud was perpetrated on it by a successful litigant. *Id.* at 239. Plaintiff appears to argue that fraud occurred in his Ninth Circuit case, *Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003), but has not presented any evidence to support that assertion. The Court therefore overrules this objection.

**IV.   CONCLUSION**

It is therefore ordered that Plaintiff's objection (ECF No. 4) is OVERRULED and Judge Denney's report and recommendation (ECF No. 3) is adopted in full.

Accordingly:

Plaintiff's IFP application (ECF No. 1) is GRANTED.

The Clerk of Court is ordered to FILE the complaint (ECF No. 1-1).

This action is DISMISSED with prejudice.

The Clerk of Court is directed to ENTER JUDGMENT accordingly.

DATED THIS 20th day of November 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5